IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02087-BNB

SAMMIE LEE DENSON,

      Plaintiff,

v.

MAJOR L. MAUFELD,
WARDEN JAMES E. ABBOTT,
ARISTEDES W. ZAVARAS, Executive Director of Colorado's D.O.C., and
THE COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, CO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER

---

      Plaintiff Sammie Lee Denson has filed *pro se* a "Motion for an Injunction" in which he asks the Court to direct Defendants to remove Mr. Denson from administrative segregation and place him in a level III custody facility. The Court must construe the motion liberally because Mr. Denson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the "Motion for an Injunction" will be denied.

      A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the

public interest.  *See **Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980).  A

preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary

injunction is to preserve the pre-trial status quo."  ***RoDa Drilling Co. v. Siegal***, 552

F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious

when granting an injunction that requires the nonmoving party to take affirmative action

- a mandatory preliminary injunction - before a trial on the merits occurs."  ***Id.***  Because

Mr. Denson is seeking a mandatory preliminary injunction that seeks to alter the status

quo, he must make a heightened showing of the four factors listed above.  ***See id.*** at

1209.

         As noted above, Mr. Denson seeks to be removed from administrative

segregation and placed in a lower-custody facility.  He alleges that he was placed in

administrative segregation without adequate due process, that the conditions in

administrative segregation amount to cruel and unusual punishment and are causing

physical and mental injuries, and that he does not deserve to be placed in

administrative segregation.  However, he fails to demonstrate a substantial likelihood of

prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction

is issued, that his threatened injuries outweigh whatever damage the proposed

injunction may cause the opposing party, or that a preliminary injunction would not be

adverse to the public interest.  Therefore, the "Motion for an Injunction" will be denied.

Accordingly, it is

ORDERED that the "Motion for an Injunction" filed on September 1, 2009, is denied.

DATED at Denver, Colorado, this 1st day of _____ Oct _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02087-BNB

Sammie Lee Denson, Jr.
Prisoner No.  81932
Centennial Corr. Center
P.O. Box 600
Cañon City, CO 81215-0600

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10 1 09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk