IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02087-BNB

SAMMIE LEE DENSON,

    Plaintiff,

v.

MAJOR L. MAUFELD,
WARDEN JAMES E. ABBOTT,
ARISTEDES W. ZAVARAS, Executive Director of Colorado's D.O.C., and
THE COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Sammie Lee Denson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Denson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Denson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Denson will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Denson and finds that it is deficient because Mr. Denson fails to allege facts that demonstrate each of the named

Defendants personally participated in the asserted constitutional violations. Mr. Denson specifically alleges that his rights were violated by Defendant Major L. Maufeld when she had Mr. Denson placed in administrative segregation in January 2008. However, Mr. Denson fails to allege specific facts that demonstrate how the other Defendants personally participated in the asserted constitutional violations. With respect to Defendants Warden James E. Abbott and Aristedes W. Zavaras, the Executive Director of the DOC, Mr. Denson alleges only that these Defendants somehow supported Defendant Maufeld's actions by failing to respond to letters Mr. Denson mailed to them complaining about his placement in administrative segregation. Mr. Denson does not assert any claim against the DOC, which also is named as a Defendant.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Denson must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). As a result, Mr. Denson may not sue either Warden Abbott or Executive Director Zavaras solely because they allegedly are responsible for the actions of Major Maufeld.

Because Mr. Denson fails to allege personal participation by any Defendant other than Major Maufeld, he will be ordered to file an amended complaint if he wishes to pursue any claims against any other Defendant. Mr. Denson is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Denson also has filed a motion for discovery and a motion for appointment of counsel. Those motions will be denied as premature. Accordingly, it is

ORDERED that Mr. Denson file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Denson, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Denson fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion for discovery (#5) and the motion for appointment of counsel (#6), both of which were filed on September 1, 2009, are denied as premature.

3

DATED October 1, 2009, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02087-BNB

Sammie Lee Denson, Jr.
Prisoner No. 81932
Centennial Corr. Center
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk