IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02087-BNB

SAMMIE LEE DENSON, JR.,
Plaintiff,

v.

MAJOR L. MAUFELD,
WARDEN JAMES E. ABBOTT,
ARISTEDES W. ZAVARAS, Executive Director of Colorado's D.O.C., and
THE COLORADO DEPARTMENT OF CORRECTIONS,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Sammie Lee Denson, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Denson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On October 1, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Denson to file an amended complaint that clarifies his claims against each named Defendant because Mr. Denson failed to allege personal participation by either Warden James E. Abbott or DOC Executive Director Aristedes W. Zavaras and he failed to assert any claim against the DOC.

On October 13, 2009, in response to Magistrate Judge Boland's October 1 order, Mr. Denson filed a motion to amend asking the Court to remove as parties to this action Warden Abbott, Mr. Zavaras, and the DOC and stating that he will pursue only his

claims against Defendant Major L. Maufeld. However, Mr. Denson also has filed a letter to the Court on October 13, 2009, asserting that Warden Abbott and Mr. Zavaras personally participated in the asserted constitutional violations because they are Major Maufeld's bosses and because they were made aware of Major Maufeld's actions in letters written to them by Mr. Denson. Therefore, the Court will review Mr. Denson's claims in this action.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Denson is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b)(1).

The Court must construe the complaint liberally because Mr. Denson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Denson alleges that Major Maufeld violated his rights when she had Mr. Denson placed in administrative segregation in January 2008. With respect to Warden Abbott and Mr. Zavaras, Mr. Denson alleges only that these Defendants somehow supported Defendant Maufeld's actions by failing to respond to letters Mr. Denson mailed to them complaining about his placement in administrative segregation. As noted above, Mr. Denson also argues that Warden Abbott and Mr. Zavaras are responsible for Major Maufeld's actions because they are her bosses. Mr. Denson does not assert any claim against the DOC, which also is named as a Defendant.

As Magistrate Judge Boland advised Mr. Denson, personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Denson must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). As a result, Mr. Denson may not sue either Warden Abbott or Executive Director Zavaras based solely on his allegation that they are Major Maufeld's bosses.

The fact that Mr. Denson wrote letters to Warden Abbott and Mr. Zavaras also does not demonstrate the existence of an affirmative link between either of those

Defendants and the decision to place Mr. Denson in administrative segregation. Furthermore, the failure of either Warden Abbott or Mr. Zavaras to respond to the letters written by Mr. Denson does not itself demonstrate the violation of a constitutional right. See *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also* *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008). Therefore, because Mr. Denson fails to allege personal participation by either Warden Abbott or Mr. Zavaras, the claims against those Defendants are legally frivolous and must be dismissed. The DOC also will be dismissed as a party to this action. Accordingly, it is

ORDERED that the claims asserted against Warden James E. Abbott and Aristedes W. Zavaras are dismissed as legally frivolous and Warden James E. Abbott and Aristedes W. Zavaras are dismissed as parties to this action. It is

FURTHER ORDERED that the Colorado Department of Corrections is dismissed as a party to this action because no claims are asserted against it. It is

FURTHER ORDERED that the motion to amend filed on October 13, 2009, is denied as moot. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02087-BNB

Sammie Lee Denson, Jr.
Prisoner No. 81932
Centennial Corr. Center
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk