IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02087-WYD-KLM

SAMMIE LEE DENSON,

     Plaintiff,

v.

MAJOR L. MAUFELD,

     Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Request for Relief Amendment** [Docket No. 39; Filed February 10, 2010] (the "Motion").

     Plaintiff is incarcerated and is proceeding in this matter *pro se*.  The Motion is not entirely clear.  On October 1, 2009, the Court directed Plaintiff to file an Amended Complaint to correct deficiencies in his originally filed Complaint.  *See* Docket No. 12 ("Order No. 12").  Rather than file an Amended Complaint, Plaintiff filed an un-titled motion [Docket No. 13; Filed October 13, 2009] ("Motion No. 13"), in which he stated that he wanted to pursue only his claims against Defendant Maufeld, and a letter [Docket No. 14; Filed October 13, 2009], in which he seemed to state claims against additional defendants. The Court considered both the Motion No. 13 and the letter and determined that only Plaintiff's claims against Defendant Maufeld could proceed.  *See* Order [Docket No. 16]. Plaintiff now apparently wishes to amend his Complaint again.

     Because Plaintiff is proceeding *pro se*, the Court must construe his filings liberally.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In the first few pages of the Motion, Plaintiff seems to be revising the request for relief that he made in his originally filed Complaint.  Plaintiff then attempts to make additional claims, alleging that he is being retaliated against by Defendant and other unnamed individuals at the prison.

"The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."  *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82(1962)).  However, "this policy is not limitless and must be balanced against Fed. R. Civ. P. 7(b)(1)."  *Id.* (citation omitted).  Rule 7(b)(1) requires that any motion must "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought."  "By requiring notice to the court and the opposing party of the basis for the motion, [R]ule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'"  *Calderon*, 181 F.3d at 1186 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1192, at 42 (2d ed. 1990)).

Plaintiff's Motion fails to conform with the requirements of Fed.R.Civ.P. 7(b).  If Plaintiff wishes to Amend his Complaint, he shall file a Motion making that reqest and attach to the Motion his proposed Amended Complaint.

IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to mail to Plaintiff one copy of the Prisoner Complaint form, which Plaintiff may use if he seeks to amend his Complaint.  The deadline for filing any Motion to Amend the Complaint is **March 15, 2010**.

Dated:  February 16, 2010