IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02087-WYD-KLM

SAMMIE LEE DENSON,

    Plaintiff,

v.

MAJOR L. MAUFELD,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Stay Discovery** [Docket No. 29; Filed January 13, 2010] (the "Motion"). Plaintiff responded [Docket No. 36; Filed February 10, 2010], the deadline for Defendant's reply has passed, and the Motion is ripe for resolution.

    Defendant has filed a Motion to Dismiss [Docket No. 27; Filed January 8, 2010] asserting several defenses, including the defense of qualified immunity. If granted, the Motion to Dismiss would resolve the entire case. Defendant requests a stay of discovery until the issues presented in her Motion to Dismiss are decided. Plaintiff is proceeding in this matter *pro se.*

    Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed.R.Civ.P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide

that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); see also *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. See *String Cheese*, 2006 WL 894955, at *2. Plaintiff objects to the Motion, stating that he needs discovery in order to prove his case. *See Response* [#36] at 1. He does not identify any particular burden a stay of discovery would cause him, and should the Court deny Defendant's Motion to Dismiss, the stay of discovery will be lifted. Plaintiff would then have the opportunity to obtain necessary discovery. The Court balances his general desire to proceed expeditiously with his case against the burden on Defendant of going forward. *Id* Plaintiff's interest in a speedy proceeding is offset by Defendant's burden. Here, Defendant filed a Motion to Dismiss, in which she seeks to completely dismiss Plaintiff's claims against her on the ground of immunity, among other arguments. Courts have routinely recognized that a stay of discovery may be appropriate while the issue of immunity is being resolved. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same);

*Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while her Motion to Dismiss is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C.Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain defenses should be raised at the outset is to avoid unnecessary litigation); see also *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5. Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED.**

IT IS **FURTHER ORDERED** that discovery is **STAYED** until entry of a final order regarding the Motion to Dismiss [Docket No.27] is resolved.

Dated: April 5, 2010

BY THE COURT:
  s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix