IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02087-WYD-KLM

SAMMIE LEE DENSON, JR.,

    Plaintiff,

v.

MAJOR L. MAUFELD,

    Defendant.

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

This matter is before the Court on the motion to dismiss Plaintiff's *pro se* civil rights complaint, which was filed on January 8, 2010, ECF No. 27. The matter was referred to Magistrate Judge Mix for a recommendation by memorandum dated January 8, 2010, ECF No. 28. Magistrate Judge Mix issued a Recommendation on May 19, 2010, ECF No. 46, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that the motion to dismiss be granted in part and denied in part.

On June 3, 2010, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff is currently incarcerated at the Limon Correctional Facility in Limon,

Colorado. He initiated this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to an Order entered by Senior Judge Weinshienk on November 4, 2009, Plaintiff's claims against several individual Defendants and the Colorado Department of Corrections were dismissed. To date, the only remaining Defendant is Major L. Maufeld, and the only remaining claims involve whether Defendant Maufeld violated Plaintiff's constitutional rights when she placed him in administrative segregation in January 2008. According to the Complaint, Plaintiff was placed in administrative segregation after writing letters to Defendant which challenged her authority during the time period Plaintiff was under investigation for offering to sell drugs at the prison. Plaintiff alleges claims for violation of his due process and equal protection rights under the Fourteenth Amendment, a violation of his Eighth Amendment rights, and a violation of his First Amendment rights.

Defendant filed the instant motion to dismiss, seeking dismissal of all of Plaintiff's claims. In her Recommendation, Magistrate Judge Mix recommends dismissal of Plaintiff's Fourteenth Amendment Equal Protection claim and his Eighth Amendment claim, but recommends that Plaintiff's Fourteenth Amendment Due Process claim and his First Amendment Retaliation claim go forward. *See* Recommendation at 24. Plaintiff objects to the portions of the Recommendation that recommend dismissal of his Equal Protection and Eighth Amendment claims.

  A. <u>Eighth Amendment Claim</u>

Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An

inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Alternatively, a condition must be sufficiently serious so as constitute a substantial risk of serious harm. *Helling v. McKinney*, 509 U.S. 25, 33-35, 125 L. Ed. 2d 22, 113 S. Ct. 2475 (1993). The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety. *Wilson v. Seiter*, 501 U.S. 294, 297, 303 (1991).

In connection with his Eighth Amendment claim, Plaintiff asserts that his placement in administrative segregation constitutes cruel and unusual punishment. Magistrate Judge Mix dismissed Plaintiff claim based on his failure to satisfy the objective component. Magistrate Judge Mix found that Plaintiff failed to allege that his conditions of confinement were objectively cruel, or that he was denied minimal necessities of civilized life, such as food, drink, sleep, sanitation, hygiene materials, bedding and utilities. *See* Recommendation at 18-20. Magistrate Judge Mix noted that the specific conditions about which Plaintiff complains, the deprivation of fresh air, outdoor recreation for exercise, and inability to control the lighting in his cell, do not give rise give rise to a *per se* Eighth Amendment violation nor do they constitute an objectively serious deprivation. *See* Recommendation at 20.

In his Objection Plaintiff contends that "it is well accepted that conditions such as

those present in [administrative segregation or solitary confinement] can cause psychological decompensation [sic] to the point that individuals may become incompetent." Plaintiff also notes that his complaint contains allegations that his placement in administrative segregation has caused him to suffer from anxiety and other psychological impairments. However, mere placement in administrative segregation does not violate the Eighth Amendment. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10 Cir. 1996); *Green v. Nadeau*, 70 P.3d 574, 577 (Colo. App. 2003), *cert. denied* (Colo. 2003). I agree with Magistrate Judge Mix that Plaintiff has failed to demonstrate that his placement in administrative segregation deprived him of his basic human needs. While Plaintiff's allegations that he has suffered psychological harm as a result of his confinement in administrative segregation may support his Fourteenth Amendment due process claim that the conditions of his confinement constitute an atypical and significant hardship, they do not give rise to an Eighth Amendment violation. Therefore, I affirm the Recommendation and deny Plaintiff's objection as to the dismissal of his Eighth Amendment claim.

      B.    <u>Equal Protection Claim</u>

Plaintiff also objects to the dismissal of his Equal Protection claim. In connection with this clam, Plaintiff asserts that he was given a harsher punishment than white or Hispanic inmates who committed similar or more extreme conduct violations.

The Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious discrimination. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to establish a violation of the Equal Protection Clause, an inmate must show "that

he was singled out [for punishment] while other similarly situated were not." *United States v. Johnson*, 765 F.Supp. 658, 660 (D. Colo. 1991). Second, an inmate must prove that a racially discriminatory intent or purpose was a motivating factor in the decision of the prison officials. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1977)); *see also Brown v. Sales*, 1998 WL 42527, at 2 (10th Cir. 1998) (unpublished).

In her Recommendation, Magistrate Judge Mix determined that Plaintiff failed to allege that he is similarly situated to other inmates because none of the inmates discussed in the Complaint committed conduct analogous to Plaintiff's conduct, namely writing letters critical of Defendant while he was under investigation for offering to sell drugs at the prison. *See* Recommendation at 16. In addition, Magistrate Mix found that Plaintiff failed to allege that racial discrimination was a motivating factor in Defendant's decision to place him in administrative segregation. *See* Recommendation at 17.

In his Objection, Plaintiff merely restates arguments he made in response to the motion to dismiss. Plaintiff states that all of the inmates he encountered in administrative segregation had offenses more serious than his offense, and that those inmates were allowed back into the prison population. However, Plaintiff's allegation that he was punished more harshly than other inmates is not enough to sustain his Equal Protection claim. Plaintiff must demonstrate that any distinction between himself and other inmates was not reasonably related to some legitimate penological purpose *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). In addition, I agree with

Magistrate Judge Mix that Plaintiff has not alleged any facts demonstrating that racial discrimination was a motivating factor in Defendant's decision to place him in administrative segregation. Therefore, I affirm the Recommendation and deny Plaintiff Objection to dismissal of his Equal Protection claim.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of May 19, 2010, ECF No. 46, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Motion to Dismiss filed January 8, 2010, ECF No. 27 is **GRANTED** in part and **DENIED** in part, as set forth herein.

Dated: September 24, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge