IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02087-WYD-KLM

SAMMIE LEE DENSON, JR.,

    Plaintiff,

v.

MAJOR L. MAIFELD and
JOHN DOES 1-5,

    Defendants.

---

**ORDER on PARTIAL MOTION for DISMISSAL**

---

This matter is before the Court on the Defendant Maifeld's Partial Motion to Dismiss, filed March 14, 2011 [ECF No. 85]. Plaintiff filed his response on April 7, 2011 [ECF No. 88]. Plaintiff's Second Amended Complaint was accepted for filing on March 1, 2011 [ECF No. 82].

Defendant Maifeld moves for dismissal of the third of the three claims in Plaintiff's Second Amended Complaint. In his third claim, Plaintiff alleges that Defendant Maifeld and John Does 1-5 conspired to retaliate against him for exercising his First Amendment rights. The claim is brought under 42 U.S.C. § 1983.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) [hereinafter *Twombly*]. In fact, *Twombly* dealt with a conspiracy claim, albeit under the Sherman Act, 15 U.S.C. §1. After later cases applied the plausibility standard to prisoner cases, the Supreme Court "validated this interpretation in *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937 (2009)." *Gee v Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). "Although the pleading standard of Fed.R.Civ.P. 8 does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Gee*, 627 F.3d at 1184 (quoting *Iqbal* 129 S.Ct. at 1949).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

2

between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted.)). In other words, "a plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *The Ridge at Red Hawk, L.L.C. v.Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 547); *see also Iqbal*, 129 S. Ct. at 1950-51. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil rights claims." *Gee*, 627 F.3d at 1185.

"[A] prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply." *Gee*, 627 F.3d at 1185. "It is sufficient that he can plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id.* at 1188.

To state a cause of action for conspiracy under § 1983, a plaintiff must "allege specific facts showing agreement and concerted action among defendants." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). More specifically, survival of a motion to dismiss,

> requires a complaint with enough factual matter (taken as true) to suggest an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. . .[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out . . .

3

> they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

*Twombly*, 550 U.S. at 556-57. "[A]n allegation of parallel conduct absent context implying a meeting of the minds" is, by itself, insufficient to withstand a motion to dismiss. *Gee*, 627 F.3d at 1183.

Defendant's Conspiracy Argument

Defendant Maifeld argues that Plaintiff's conspiracy claim fails to state a claim upon which relief may be granted because he has not alleged specific facts which show agreement and concerted action among the defendants, rather than conclusory allegations.

Plaintiff notes that the Second Amended Complaint alleges that in December 2007, after a disciplinary hearing in which he was essentially sentenced to 'time served' in segregation, one of the guards told him that, on Maifeld's orders, he would not yet be released back into the general population. (Second Amended Complaint (hereafter Comp.) at ¶ 21). The next day, he further alleges, he was confronted by Maifeld and another security officer who threatened to return him to the Colorado State Penitentiary and lock him in segregation for 'years.' (Comp. at ¶¶ 22, 23 & 26.)

Plaintiff also alleges that he has been placed on suicide watch several times since he first filed his complaint. (Comp. at ¶ 38.) He contends that there was no psychological need for suicide watch and that the orders were made in direct contradiction of a physician's order. *Id*. It is Plaintiff's position that the orders to place him on suicide watch were solely to retaliate against him by requiring him to be placed in segregation without any clothes. (Comp. at ¶¶ 30 & 38). After one particular segregation order based on a suicide

4

watch, the order was lifted by a doctor after a mental health review. (*Id.* at ¶ 31).

Plaintiff contends that Maifeld and the John Does 1-5 conspired to remove him from the job he had at the Limon Correctional Facility in retaliation for his lawsuit against them. (*Id.* at ¶ 44.) He alleges that although he had recently filed a grievance related to mental health treatment, nothing about that grievance was related to his job performance or responsibilities. (*Id.* at ¶¶ 40-41). He says he had good job ratings from his supervisors and that his physicians did not recommend his removal from his job. (*Id.* at ¶¶ 42-43.) Although, at this point, he cannot tie the loss of his job to Maifeld, he has shown that the other likely explanations do not apply, as suggested by the case law. *See Gee*, 627 F.3d at 1185. This makes it more plausible that a more nefarious purpose was at work.

While Plaintiff's amended complaint certainly contains a great deal of conclusory language, that is not all it contains. It is clear from the complaint that Defendant Maifeld has supervisory powers over at least some other security officers. Her rank has been described as Major which would seem to denote some amount of authority. While Plaintiff's mention of several other staff members, such as Sgt. Cochran, Lt. Benzene and Mr. Heidenthal, raises the question of whether they could have been just following the orders of a superior officer, his complaint as a whole makes it plausible that Maifeld's alleged desire to punish Plaintiff necessarily required the agreement of some of her subordinates. In this case, the issue of concerted action leaves questions about whether the 'meeting of the minds' constituted an actual agreement between conspirators or merely illustrated the power of a coercive supervisor. In any event, Plaintiff has stated a claim of conspiracy such that he is entitled him to discovery on this issue.

Defendant's Argument regarding Damages

Defendant further argues that the Prison Litigation Reform Act, (PLRA) 42 U.S.C. § 1997e(e) precludes Plaintiff's § 1983 claim for damages against Maifeld in the absence of a physical injury. It is Defendant's position that the blood clots and blood flow problems of which Plaintiff complains in his Second Amended Complaint are "not a physical injury for purposes of the PLRA." (Mtn. at 5). No authority is cited for this statement, although it does appear that Defendant has made an accurate representation of Plaintiff's claimed injuries. Plaintiff adds that discovery will show that his medical issues have been diagnosed by a physician.

As Plaintiff has noted, his physical injuries need not be substantial. While the statute does not contain a definition of the "physical injuries," courts have now had fifteen years to explore the parameters of that phrase in the context of the PLRA.

> Appeals courts confronting the issue have held that although a *de minimis* showing of physical injury does not satisfy the PLRA's physical injury requirement, an injury need not be significant to satisfy the statutory requirement. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3rd Cir. 2003) (surveying the authorities and finding "the courts of appeals have read 1997e(e) to require a less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allowing the successful pleading of an emotional injury.")

*Clifton v. Eubank*, 418 F.Supp.2d 1243, 1245 (D. Colo. 2006).

Plaintiff also notes that the injuries to which he has referred are often precursors of much more serious circulatory problems. This could particularly be true if Plaintiff has been subject to additional time in segregation. On the whole, I believe Plaintiff has raised a reasonable specter of physical injuries such that his claim for monetary damages will

6

remain intact for the present.[1]

Qualified Immunity

Defendant's final argument in her motion to dismiss is that she is entitled to qualified immunity. The defense having been raised, it is Plaintiff's burden to show it is not appropriate.

As Defendant notes, Plaintiff must come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right was clearly established at the time of the defendant's alleged unlawful conduct. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). Pursuant to *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009), it is up to my discretion which prong should be addressed first in this particular fact situation.

Of course, considering a defense of qualified immunity in the posture of a motion to dismiss varies from the analysis under a summary judgment standard.

> [W]e accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party to determine whether the complaint sets forth plausible grounds to believe the claims asserted will find evidentiary support. But we conduct this review in light of the unique nature of qualified immunity, which imposes a heavy two-part burden on a plaintiff[.]

---

[1] In searching for a case which discussed the severity of blood clots or circulatory ailments, I found only an unpublished case from the Middle District of Pennsylvania in which an objection (to a magistrate judge's recommendation) contained a reference to blood clots Plaintiff had suffered. That mention in the objection was found to be sufficient to allow the plaintiff to amend his complaint so as to avoid dismissal. *Scerbo v. Lowe*, 2007 WL 1366773 *4 (M.D.Pa.)

*Trant v. Oklahoma*, 2011 WL 2356385 *4 (10th Cir. June 15, 2011) (citation omitted).

Plaintiff argues that he has met the standard for stating his claim of conspiracy to violate his constitutional rights and has therefore satisfied the first prong of the test. He goes on to cite cases which establish both that prison officials may not retaliate against prisoners for exercising their First Amendment rights, *Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990) and that allegations of conspiracy may form the basis of a claim brought pursuant to § 1983. *Tonkovich V. Kansas Bd. Of Regents*, 159 F.3d 504 (10th Cir. 1998).

I have found that Plaintiff's complaint has set forth plausible grounds to believe his claim of conspiracy asserted will find evidentiary support. As it is his contention that defendants conspired to retaliate against him for exercising his First Amendment rights, that is undoubtably a right that was clearly established at the time of the alleged misconduct and that Defendant knew or should have known. The defense of qualified immunity must fail.

Based on the foregoing analysis, it is therefore Ordered that Defendant Maifeld's Partial Motion to Dismiss is DENIED.

Dated: July 13, 2011

                                                BY THE COURT:

                                                s/ Wiley Y. Daniel
                                                Wiley Y. Daniel
                                                Chief United States District Judge