IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02087-KLM

SAMMIE LEE DENSON,

    Plaintiff,

v.

MAJOR L. MAIFELD,

    Defendant.
_____

**ORDER REGARDING EVIDENTIARY ISSUES RAISED IN TRIAL BRIEFS**
_____

This matter is before the Court on **Plaintiff's Trial Brief** [Docket No. 123; Filed April 4, 2013] and **Defendant's Trial Brief** [Docket No. 128; Filed April 5, 2013]. A three-day jury trial is scheduled to begin in this matter on April 15, 2013. The Court addresses certain evidentiary issues raised in the Trial Briefs in order to ensure efficient and effective presentation of evidence at trial.[1]

Plaintiff asserts the following: (1) he should be permitted to present evidence that his placement in administrative segregation from January 8, 2008 to October 28, 2008 was a result of Defendant's alleged retaliatory conduct; and (2) he should be permitted to present evidence of his alleged physical injuries resulting from his placement in administrative segregation. *Pl.'s Trial Br.* [#123] at 1-6. Defendant asserts that Plaintiff should not be permitted to present evidence relating to his mental and physical health

---

[1] The remaining pretrial issues, relating to the admissibility of evidence of Plaintiff's felony convictions, the computation of nominal damages, and whether the jury should be instructed on the first two elements of a retaliation claim, will be addressed by the Court either at the pretrial hearing on April 15, 2013 or during argument about jury instructions.

problems because he cannot connect those problems "with the 22 days that he spent removed from general population as a result of Defendant's [actions]." *Def.'s Trial Br.* [#128] at 1-6.

## A. Evidence That Plaintiff's Second Administrative Segregation Was a Result of Defendant's Conduct

The issues raised by the parties in their Trial Briefs are related and stem from the District Judge's Order [#104] on Defendant's Motion for Summary Judgment [#97]. In that Order, the District Judge denied summary judgment on Plaintiff's First Amendment retaliation claim. *Order* [#104] at 20. However, he further held that "Defendant's involvement in the relevant events was limited to her decision to keep Plaintiff removed from population on December 17, 2008, until January 8, 2008." *Id.* at 12. The Court explicitly rejected the contention that there was a disputed factual issue about whether Defendant was involved in Plaintiff's subsequent administrative segregation, which occurred from January 8, 2008 to October 28, 2008. The Court held: "However, Plaintiff simply has not produced evidence to support his allegations that Defendant "orchestrated [his] indefinite placement in administrative segregation. . . ." *Id.* at 11.

In light of this holding, *both parties* are precluded from presenting any evidence or making any argument that Plaintiff's second period of administrative segregation from January 8, 2008 to October 28, 2008 *was a result of Defendant's alleged retaliatory conduct*. The Court has previously ruled that Plaintiff failed to present a triable issue of fact on that part of his claim, and the law of the case doctrine precludes the introduction of such evidence or argument. *See United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) ("Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that same litigation."); *see also Ind v. Colorado*

*Dept. of Corrections*, Civil Action No. 09-cv-00537-WJM-KLM, 2012 WL 161418, at *4 (D. Colo. Jan. 19, 2012). However, the Court notes that evidence of Plaintiff's second period of administrative segregation may be relevant on other issues, such as causation or Plaintiff's alleged damages. Hence, although the Court does not preclude the introduction of *all* evidence relating to Plaintiff's second period of administrative segregation, evidence and argument which attempt to link that event to Defendant are excluded.

**B.   Evidence of Plaintiff's Health Issues**

Plaintiff argues that he should be permitted to present evidence relating to his diagnosis of blood clots and deep vein thrombosis in December of 2009 because "there is no temporal requirement relating to the admissibility of relevant evidence." *Pl.'s Trial Br.* [#123] at 5. Defendant contends that the health evidence should be excluded "because there is no evidence that Plaintiff will introduce any evidence that connects either his psychological problems or his blood clots and deep vein thrombosis with the 22 days that he spent removed from general population as a result of Defendant's decision. . . ." *Def.'s Trial Br.* [#128] at 4-5.

Defendant asks the Court to pre-determine whether Plaintiff will be able show that his health problems were caused by Defendant's alleged retaliatory actions. This the Court cannot do. The jury must decide whether Plaintiff has proven that his health problems were caused by Defendant's alleged actions. *See Northington v.* Zavaras, 229 F.3d 1164, at *3 (Table) (10th Cir. 2000) ("[Plaintiff] presents no rebuttal evidence from which a *jury* could reasonably find that defendants' allegedly retaliatory motives were the 'but for' cause of their actions.") (emphasis added); *Murphy v. Shenk*, 156 F.3d 1243, at *4 (Table) (same); *Brown v. Sales*, 134 F.3d 382, at *3 (Table) (10th Cir. 1998) ("an inmate must submit

evidence showing that a *jury* could reasonable find that a motivating factor behind defendants' actions was retaliation . . .") (emphasis added).  Accordingly, Plaintiff will be permitted to introduce evidence relating to his mental and physical health before and after his administrative segregation of December 17, 2008 to January 8, 2008.

    IT IS SO **ORDERED**.

Dated:  April 12, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge